**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

Lori Irish,                                             Civil No. 11-1544 (MJD/JJK)

        Petitioner,

v.                                                      **REPORT AND
RECOMMENDATION**

N. C. English, Warden,

        Respondent.

Lori Irish, #42794-048, Minnesota Correctional Facility, P.O. Box 1731, Waseca, MN 56093, *pro se*.

Gregory G. Brooker and Mary J. Madigan, Assistant United States Attorneys, counsel for Respondent.

JEFFREY J. KEYES, United States Magistrate Judge

## INTRODUCTION

This matter is before the Court on a Petition of Lori Irish for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1). The case has been referred to this Court for Report and Recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, this Court recommends that Petitioner's Petition for Habeas Corpus relief be denied.

## BACKGROUND

Petitioner Lori Irish is a federal inmate at the Federal Correctional Institution in Waseca, Minnesota ("FCI Waseca"). Petitioner is serving a 60-month sentence, followed by three years of supervised release, imposed by

Judge Hunt of the United States District Court, District of Nevada, for Witness Tampering, in violation of 18 U.S.C. § 1512(b)(1); Threats Against a Federal Employee, in violation of 18 U.S.C. § 115(a)(1)(B); and Threats Made in Interstate Commerce, in violation of 18 U.S.C. § 875(c). She has a projected release date of September 4, 2012, via Good Conduct Time ("GCT") release. (Doc. No. 6, Decl. of Angela Buege ("Buege Decl.") ¶ 3, Ex. A at 2 of 17.)

Petitioner alleges in her 28 U.S.C. § 2241 habeas petition that the Bureau of Prisons ("BOP") failed to act in good faith in considering her for Residential Reentry Center ("RRC") placement because the BOP did not consider her short-term memory loss condition in refusing to provide her with a full year of RRC placement. (Doc. No. 1, Pet. at 5 of 15.) She also alleges that, in accordance with the Second Chance Act ("SCA") of 2007 and 18 U.S.C. § 3624(c), she is entitled to spend up to twelve months in an RRC. (*Id.* at 4 of 15.) As relief, Petitioner requests either an immediate release in order to receive adequate medical care for her short-term memory loss or an immediate release to an RRC. (*Id.* at 1 of 15.)

On March 31 and April 29, 2011, the unit staff at FCI Waseca reviewed Petitioner's pre-release RRC placement under the SCA. (Doc. No. 6, Buege Decl. ¶ 4, Ex. B at 6 of 17.) On June 16, 2011, Warden English explained the process utilized in this review and the conclusion that a 151-180 day RRC placement, not the twelve-month placement requested by Petitioner, would be appropriate to assist with Petitioner's release needs:

> Your case has been evaluated by your Unit Team. The evaluation considered your 60-month sentence for Witness Tampering, Threats Against Federal Employee, and Threats Made in Interstate Commerce. In addition, consideration was given to your family and community support in the Las Vegas, Nevada, area, the nature and severity of your instant offense, your less than favorable adjustment during your incarceration, and any recommendations or statements made by the Sentencing Court. The Court made no statements which would have a bearing on your RRC placement.
>
> Both your medical condition and your need for additional RRC placement in order to seek rehabilitation due to short term memory loss, have been taken into consideration. Psychology Staff indicate you have been seen for this condition and provided with techniques to improve your memory retention. Further evaluation indicated you did not display any symptoms of psychosis at that time, and follow-up appointments will be scheduled. Based on the above information a 151-180 day RRC placement appears appropriate to assist with your release needs. There is no evidence this decision was intended to be punitive.
>
> Your Request for Administrative Remedy is for Informational purposes. If you are dissatisfied with this response, you may file an appeal with the North Central Regional Director, Federal Bureau of Prisons, North Central Regional Office, 400 State Avenue. Tower II, Suite 800, Kansas City. Kansas 66101-2492, within 20 (twenty) calendar days of the date of this response.

(Doc. No. 6, Buege Decl. ¶¶ 5–6, Ex. C at 9 of 17.)

After receiving this response from Warden English, Petitioner did not file any appeals to the regional or central offices of the BOP. Petitioner admits that she has not exhausted her administrative remedies concerning RRC placement, but claims that she did not have time to exhaust before September 4, 2011, the date that is twelve months before her projected release date of September 4, 2012. (Doc. No. 1, Pet. at 6 of 15.)

3

## DISCUSSION

**I.     Standard of Review**

"Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). However, "[t]he writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

RRC assignments are governed by 18 U.S.C. § 3624(c)(1), which provides that:

> The Director of the [BOP] shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

18 U.S.C. § 3624(c)(1). Congress has granted the BOP not only the discretion to determine where to house an inmate, but also the discretion to determine, through the individualized consideration required by the SCA, the length of an inmates RRC placement. *See id.* § 3624(c)(6) (requiring the BOP to issue new regulations designed to ensure that RRC assignments are "(A) conducted in a manner consistent with section 3621(b) of this title; (B) determined on *an individual basis*; and (C) of sufficient duration to provide the greatest likelihood of successful reintegration into the community") (emphasis added). Further, the statute sets the maximum amount of time that a prisoner can spend at a RRC as

4

not more than twelve months, but does not set any minimum amount of time that a prisoner must spend at a RRC.  *Id.* § 3624(c)(1); *see also Miller v. Whitehead*, 527 F.3d 752, 756 (8th Cir. 2008) (quoting § 3624(c)(1)); *Stewart v. Cruz*, No. 08-4380 (ADM/RLE), 2008 WL 3893600, at *2 (D. Minn. Aug. 20, 2008) ("[T]he statute itself clearly indicates, on its face, that the BOP is to determine, on an **individual basis**, how much time each Federal Prisoner should spend at an RRC.  The statute sets a maximum amount of time that a prisoner can spend at an RRC—not more than twelve (12) months—but the statute does not set any minimum amount of time that a prisoner must spend at an RRC") (emphasis in original).  And neither the SCA nor any other statutory authority requires transfer of an inmate to a RRC.  *See Elwood v. Jeter*, 386 F.3d 842, 847 (8th Cir. 2004) ("18 U.S.C. § 3624(c) does not require placement in a CCC.  It only obligates the BOP to facilitate the prisoner's transition from the prison system . . . . [T]he obligation is qualified by the phrase 'to the extent practicable.'"); *see also* 18 U.S.C. § 3624(c)(4) (providing that the statute does not limit or restrict the authority of the BOP under 18 U.S.C. § 3621(b), to designate the place of the prisoner's custody).

**II.    Analysis**

    **A.    Exhaustion of Administrative Remedies**

This Court's jurisdiction to decide Petitioner's case is not affected by her failure to exhaust her administrative remedies because the exhaustion prerequisite for filing a 28 U.S.C. § 2241 petition is judicially created, not

jurisdictional. *Leuth v. Beach*, 498 F.3d 795, 797 n.3 (8th Cir. 2007). Thus, this Court may, in its sound discretion, waive the exhaustion requirement where its imposition would prejudice the prisoner's subsequent court action because of the unreasonable timeframe involved in the administrative remedy. *See Jones v. Zenk*, 495 F.Supp. 2d 1289, 1299 (N.D. Ga. 2007) ("Petitioner may still seek judicial waiver of the exhaustion requirement by demonstrating that "requiring administrative review . . . would be to demand a futile act because of a predetermination by an administrative agency." (internal quotations omitted). Petitioner's claim is that she is entitled by federal law to a 365-day period of pre-release confinement in an RRC before the expiration of her sentence, which was due to occur on September 4, 2012. Given the fact that by the time this Petition is decided there will be less than 365 days to the end of the sentence, awaiting the final response of the BOP in an administrative appeal would potentially prejudice—indeed would likely moot—any court action brought at a later time. Thus, the exhaustion requirement should be waived and the merits of the Petition should be reviewed.

    **B.    The SCA**

Congress has, through 18 U.S.C. § 3624(c), long provided to the BOP the discretion to determine when or whether an inmate is to be placed in an RRC

pre-release facility.[1] The SCA provides that the BOP needs to consider the five criteria enumerated in 18 U.S.C. § 3621(b) for evaluating each inmate for RRC placement:

> (b) Place of imprisonment. -- The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering –
>
> (1) the resources of the facility contemplated;
>
> (2) the nature and circumstances of the offense;
>
> (3) the history and characteristics of the prisoner;
>
> (4) any statement by the court that imposed the sentence--
>
>   (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>
>   (B) recommending a type of penal or correctional facility as appropriate; and
>
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b). Further, the SCA provides that any order, recommendation, or request by a sentencing court for RRC placement "shall have no binding effect" on the authority of the BOP. *See* 18 U.S.C. § 3621(b).

---

[1] RRCs are also known as halfway houses or as Community Corrections Centers. RRCs are considered to be a place of confinement for purposes of Section 3621(b). *Miller*, 527 F.3d at 755 n.3.

Moreover, § 3624 requires the BOP to issue regulations ensuring that its RRC placements are conducted in a manner consistent with section 3621(b), determined on an individual basis, and are "of sufficient duration to provide the greatest likelihood of successful reintegration into the community." 18 U.S.C. § 3624(c)(6).

Following a statutory amendment and judicial decisions striking down prior regulations, the BOP, on April 14, 2008, issued a memo providing interim guidance for prison authorities making RRC determinations. *See Miller,* 527 F.3d at 756; (Doc. No. 5, Gov't Resp. to Pet. for Writ of Habeas Corpus ("Gov't Resp.") at 7 of 20.) That memo provides that "staff *must* approach every individual inmate's assessment with the understanding that he/she is . . . *eligible* for a maximum of 12 months pre-release RRC placement." *Heppner v. Roal*, No. 09-2926, (PAM/JJK), 2010 WL 1380146, at *3 (D. Minn. Mar. 3, 2010.) The guidance adds that because "[BOP] experience [suggests that] inmates' pre-release RRC needs can usually be accommodated by a placement of six months or less," additional approvals are necessary if staff determines that a particular inmate requires a longer RRC placement. *Id.* Nothing in the BOP's guidance, however, restricts prison staff from recommending an RRC placement of longer than six months if such a placement is warranted by a prisoner's individual circumstances. *See Miller*, 527 F.3d 752 at 757.

    **C.**    **BOP's Application of the SCA to Petitioner**

Petitioner alleges the BOP failed to act in good faith in considering her for RRC placement because they did not consider her short-term memory loss in refusing to provide her with a full year of RRC placement. She also alleges that, in accordance with the SCA and 18 U.S.C. § 3624(c), she is entitled to spend up to twelve months in an RRC. This Court disagrees.

Petitioner's unit team conducted a review pursuant to the SCA and considered the five factors outlined in 18 U.S.C. § 3621(b) relating to her RRC placement and concluded that she has family support, specialized job skills, a residence, and life skills to qualify for a 150-180 day placement. (Doc. No. 6, Buege Decl. ¶¶ 4-6, Ex. C.). Petitioner's medical condition and her request for additional RRC placement to seek rehabilitation due to short-term memory loss were taken into consideration. *Id.*

The BOP is better qualified than the courts to make decisions concerning the propriety and the time of RRC placements. *Hosna v. Groose*, 80 F.3d 298, 304 (8th Cir. 1996). Section 3624(c) does not require placement in an RRC; it only obligates the BOP to facilitate the prisoner's transition from the prison system. *Elwood,* 386 F.3d at 847; *Lillie v. Cruz*, No. 09-506 (DWF/JJK), 2009 WL 2998176, at *3 (D. Minn., Sept. 15, 2009) ("Indeed, the statute does not ensure that an inmate will be placed at a community correctional facility at all.")). And, as stated above, the statute sets the maximum amount of time that a prisoner can spend at an RRC as not more than twelve months but does not set any minimum amount of time that a prisoner must spend at an RRC. 18 U.S.C. §

9

3624(c)(1); *Miller*, 527 F.3d at 756.  Thus, while the BOP has a duty to consider transferring an inmate to a halfway house for the last twelve months of the inmate's sentence, it is not required to do so merely because the inmate is in the last twelve months of her sentence.  And although the SCA requires the BOP to make an individualized review of the five factors delineated in § 3621(b), the outcome of that determination rests squarely with the BOP.

As detailed above, Petitioner's unit team engaged in a good-faith analysis of the five statutory factors and made its recommendation for her RRC placement.  The Eighth Circuit made clear in *Miller* that the BOP need only conduct a brief "good faith" analysis of these factors.  *Miller*, 527 F.3d at 758.  Because the BOP made its recommendation for 150-180 days of RRC placement for Petitioner after conducting the required individualized assessment, her habeas petition should be denied.

### D.   Petitioner's Claim for Immediate Release

Petitioner requests an immediate release to an RRC.  But the BOP, not this Court, has the authority to decide where to incarcerate a federal inmate. 18 U.S.C. § 3621(b).  The SCA specifically provides that it does not limit or restrict the authority of the BOP to designate the place of the prisoner's imprisonment. 18 U.S.C. §  3624(c)(4).

Prison officials have broad discretion to transfer prisoners, and a prisoner may be transferred "for whatever reason or for no reason at all."  *Hazen v. Reagen*, 16 F.3d 921, 926 (8th Cir. 1994) (quoting *Olim v. Wakinekona*, 461 U.S.

10

238, 250 (1983)).  In addition, an inmate has no right to be incarcerated at any particular institution, absent a created statute, regulation, or policy.  *Olim*, 461 U.S. at 249.

There is no constitutionally protected right or liberty interest in being transferred to a halfway house.  See *Mahfouz v. Lockhart*, 826 F.2d 791, 792 (8th Cir. 1987) (stating that regulation establishing procedures for selection of eligible inmates to be assigned to work/study release program for inmates, providing that inmates convicted of any sex offense are ineligible for such program, did not limit discretion of Board of Correction to grant work release and did not create any liberty interest in work release).  In fact, neither the SCA nor any other statutory authority requires transfer of an inmate to an RRC.  *See Elwood*, 386 F.3d 842, 847 (8th Cir. 2004); *McFadden v. Morrison*, No. 06-1106 (MJD/JSM), 2006 WL 2583417, at *3 (D. Minn., Sept. 6, 2006) ("No authority to which the Court has been alerted requires the BOP to conduct a RRC eligibility review or immediately transfer a prisoner to a RRC on demand by the prisoner.  To the contrary, this Court finds, as have other courts in this district, that no inmate is entitled to a RRC review every time he requests such an evaluation.")  And a convicted prisoner does not have a right to be released before the expiration of a valid sentence.  *Egan v. Hawk*, 983 F. Supp. 858, 864 (D. Minn. 1997) ("there is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." (internal

quotations omitted).  Thus, this Court finds that Petitioner's claim for immediate release should be denied.

## RECOMMENDATION

Based upon the above, and upon all the records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. The Petition (Doc. No. 1), be **DENIED**;

2. Petitioner's Motion to Compel (Doc. No. 3), be **DENIED AS MOOT**;

and

3. This case be **DISMISSED WITH PREJUDICE**.

Dated:  September 23, 2011

                                        *s/ Jeffrey J. Keyes*
                                        JEFFREY J. KEYES
                                        United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **October 7, 2011**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.